RUDOLPH C. DALZELL, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*N. Y. Supreme Court, Second Department, General Term, June 22, 1889.*

1. *Excessive damages.    Question for jury.*—The whole question as to the measure of compensation for personal injuries, is for the determination of the jury; and though the courts exercise a supervisory power over verdicts even in such cases, yet when their size alone is the subject of complaint, the courts interfere with much caution and hesitation, and require a plain and palpable case of excess to justify such interference.

2. *Same. When not excessive.*—Where, in an action for personal injuries, the testimony disclosed very serious injuries to the plaintiff of a character well-calculated to be permanent and irremediable, an appellate court would not be justified in setting aside a verdict of $10,000 damages on the ground that it was too large.

Appeal from a judgment entered upon a vredict.

*Hindsdale & Sprague,* for appellant.

*Tracy, MacFarland, Boardman & Platt,* for respondent.

DYKMAN, J.--The plaintiff recovered a verdict against the defendant for $10,000 for injuries sustained while a passenger on its road, and the defendant has appealed from the judgment and from the order denying the motion for a new trial on the minutes of the court.

The complaint against the verdict has reference to its size alone, and the controversy upon the trial had reference to the extent of the injuries sustained by the plaintiff, and the compensation to be awarded therefor.

The testimony disclosed very serious injuries to the plaintiff of a character well-calcuated to be permanent and irremediable and the physician who attended him, said:

" To the best of my opinion, he will never fully recover. The spinal difficulty will continue to increase in the future, and he will lose entire power over his limbs, become bed-ridden and undoubtedly eventually will die from the effects of it." That diagnosis of the result manifests a depth and extent of injury, both severe and permanent, and exhibits the plaintiff as a substantial physical wreck.

If the jury gave credit to that statement, the verdict cannot be characterized as excessive. The jury may well have found the injuries of plaintiff as severe and extensive as they were described by himself and his physicians, and if so then no appellate tribunal would be justified in setting aside the verdict because it was too large.

No precise measure can be prescribed for verdicts which are to compensate for personal injuries which are ever more or less uncertain in their extent and duration. The whole question is for the determination of a jury, which is the best tribunal yet devised for the consideration and decision of such questions of fact.

It is true that the courts exercise a supervisory power over verdicts, even in relation to their amounts in cases sounding in damages, but when their size alone is the subject of complaint, the courts interfere with much caution and hesitation, and require a plain and palpable case of excess to justify such interference. In our view such a case is not presented here and the judgment and order appealed from should be affirmed, with costs.

BRANARD, P. J., concurs; PRATT, J., not sitting.